**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ) | |
| CARLA R. KARLEN,    ) | |
|     Plaintiff    ) | |
| ) | |
| v.    ) | Civil Action No. 3:21-cv-00835-VAB |
| ) | |
| UBER TECHNOLOGIES, INC. and    ) | |
| JAVIER, JOHN DOE 1-3,    ) | |
|     Defendants    ) | DECEMBER 8, 2022 |
| ) | |

**<u>UBER TECHNOLOGIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF</u>**
**<u>MOTION TO DISMISS COUNTS FIVE AND SIX OF THE PLAINTIFF'S AMENDED</u>**
**<u>COMPLAINT</u>**

Uber Technologies, Inc. ("Uber") moves to dismiss Counts Five (Negligent Hiring,

Supervision and Retention) and Six (Breach of Implied Contract) of the plaintiff's November 28,

2022 Amended Complaint in accordance with Fed.R.Civ.P. 12(b)(6).   Plaintiff fails to adhere to

this Court's August 26, 2022 Order with regards to Uber's initial September 28, 2021 Motion to

Dismiss plaintiff's original negligent hiring/supervision claims as to Uber.  This Court held the

plaintiff's negligent hiring[1] and supervision claims were dismissed without prejudice, indicating

the plaintiff could re-plead these claims against Uber so long as she was able to plead facts

alleging the codefendant independent driver, Javier Cabrera ("Cabrera") "had a propensity to

commit the tortious conduct at issue." *See* August 26, 2022 Order, page 10.  Rather than

following this Court's Order, plaintiff has instead asserted (and in some cases reasserted)

generalized allegations with regards to Uber's alleged background check and training and

---

[1] There is no evidence Uber hired codefendant driver Javier Cabrera.  Mr. Cabrera is an independent driver who utilized Uber's rideshare app platform.  Mr. Cabrera was not hired and/or an employee of Uber.

supervision practices.  Plaintiff does not assert any allegations specific to Mr. Cabrera; i.e. that

he had a propensity to commit the alleged tortious conduct and that Uber was aware of or should

have known of such propensity.  Plaintiff has once more failed to assert a viable claim for

negligent hiring/supervision/retention and this claim should now be dismissed with prejudice.

Plaintiff also repleads her breach of implied contract claims against Uber.  This Court

dismissed those claims _with prejudice_ in its August 26, 2022 Ruling.  This Court also held in its

ruling that the Plaintiff did not have leave to amend this claim.  Plaintiff's attempt to replead her

breach of implied contract claim flies in the face of this Court's clear and unequivocal ruling and

should once again be dismissed with prejudice.

## I.    FACTUAL AND PROCEDURAL BACKGROUND:

Plaintiff brought suit against codefendant independent driver Cabrera and Uber on June 18,

2021.  With respect to Cabrera, plaintiff asserted claims sounding in false imprisonment, assault,

intentional infliction of emotional distress, and negligent infliction of emotional distress.

Plaintiff has reasserted these same claims/allegations against Cabrera in her Amended

Complaint.  Codefendant Cabrera has yet to appear in this lawsuit.  The allegations asserted

against Cabrera are as follows:

**Factual Allegations against Defendant Javier**

Plaintiff alleges On June 19, 2019, a third party requested a ride for Plaintiff from

Pennsylvania to her home in Connecticut using the Uber App and was connected with driver

Defendant Cabrera. _See_ Plaintiff's Amended Complaint, at ¶¶ 12-15. Plaintiff alleges that from

the time Defendant Cabrera picked her up, he stared at her in the rear view mirror, spoke to her

in an intrusive and suggestive manner, and began to drive and behave in a bizarre manner. _Id._ at

¶¶16-20. Plaintiff further alleges that Cabrera began driving erratically - speeding and swerving

while continuing to drive on the New Jersey Turnpike. *Id.* at ¶¶21-22. After approximately 40 minutes, Plaintiff alleges that Defendant Cabrera demanded that Plaintiff get out of the vehicle. *Id.* at ¶¶21-22. Plaintiff alleges that Cabrera became more aggressive and insistent in his questioning of Plaintiff, and Plaintiff feared for her safety. *Id.* at ¶¶23. Plaintiff alleges that she requested that [Defendant] drop her at the next exit and that Defendant Cabrera consented. *Id.* at ¶28. Plaintiff alleges that when they arrived at the next exit [and still in the vehicle], Plaintiff told the toll booth operator what had occurred and that she needed police assistance. *Id.* at ¶29. Plaintiff alleges that upon hearing this, Defendant Cabrera sped back onto the New Jersey Turnpike with Plaintiff locked in the back seat of his car. *Id.* at ¶30. Plaintiff alleges that at the time that Defendant Cabrera demand that Plaintiff leave his vehicle they had not reached her destination, and in fact were in the travel lanes of the New Jersey Turnpike. *Id.* at ¶31. Plaintiff alleges that exiting the vehicle in the manner and at the place demanded by Defendant Cabrera would have endangered Plaintiff and/or could have resulted in death or serious bodily injury. *Id.* at ¶32. Plaintiff alleges that between 5-10 miles past the exit, at a deserted point of the road, Defendant Cabrera pulled over to the side of the interstate and demanded that Plaintiff exit the vehicle. *Id.* at ¶33. Plaintiff alleges that she refused to exit the car under the circumstances as caused by Defendant Cabrera. *Id.* at ¶34. Plaintiff alleges that Defendant Cabrera exited the car, opened the trunk and removed something that Plaintiff could not identify. Defendant Cabrera allegedly informed Plaintiff he had a gun prior to going to the trunk of his vehicle. *Id.* at ¶35. Plaintiff alleges that for approximately 40 minutes (while pulled over on the New Jersey Turnpike), Defendant Cabrera threatened Plaintiff and ordered her to exit his car. *Id*. at ¶36. Plaintiff had two cell phones that she used to call 911 and her husband to report this to the New Jersey State Police. *Id*. at ¶¶37-38.

**Claims Asserted Against Uber:**

With respect to Uber, in her initial complaint, plaintiff asserted vicarious liability claims stemming from the alleged tortious conduct of Cabrera, as well claims sounding in implied breach of contract and negligent hiring/supervision/retention.  On September 28, 2021, Uber moved to dismiss the original complaint for failure to state a claim upon which relief could be granted.  On October 22, 2021, plaintiff filed her opposition to the motion to dismiss.  Plaintiff thereafter filed an amended opposition to the motion to dismiss on October 29, 2021.  On November 4, 2021, Uber filed a reply to the plaintiff's opposition.  The Court issued its ruling on the initial motion to dismiss on August 26, 2022.

**Court's August 26, 2022 Ruling:**

The Court dismissed, with prejudice, the vicarious liability _and breach of implied contract_ claims against Uber.  The Court also ordered the plaintiff did not have leave to amend these claims as:  "there is no basis upon which the Court can conclude Mr. Cabrera's alleged misconduct is related to his employment duties because the misconduct directly conflicts with those duties as plead in the Complaint.  Additionally, there is no basis for the Court to conclude an implied contract exists between Uber and Ms. Karlen because Ms. Karlen cannot plausibly allege Uber intended Ms. Karlen, who was unknown to Uber at the time the trip occurred, to be a third-party beneficiary."  August 26, 2022 order, page 14.

With respect to the negligent hiring/supervision/retention claims, the Court held the plaintiff failed to allege sufficient facts to assert a legally viable claim against Uber.  Noting in its ruling the plaintiff had asserted _generalized_ allegations as to Uber's background check practices; i.e., Uber failed to use fingerprint-based vetting or background checks that would identify potential mental health issues (pages 9-10 of Ruling), the Court held the plaintiff had nonetheless failed to include any facts in her complaint specific to Cabrera:  "Plaintiff does not, however, include any

facts in her Complaint alleging *Mr. Cabrera* had a propensity to commit the tortious conduct at issue…Therefore, the Court cannot find that Plaintiff's claims 'raise a right to relief above the speculative level'… Absent allegations that the conduct was foreseeable to Uber, Plaintiff 'ha[s] not nudged [her] claims across the line from conceivable to plausible.'"  August 26, 2022 Ruling, page 10 (emphasis added).

The Court dismissed the plaintiff's negligent hiring and retention claims for failure to state a claim.  The negligent hiring/retention claims were dismissed without prejudice.  In so doing, the Court cautioned the plaintiff that should she choose to replead a "viable" negligent hiring/supervision/retention claim, she would need to "address the deficiencies identified in this Ruling and Order."  August 26, 2022 Ruling, page 14.

**Count Five:  Repleaded Negligent Hiring/Supervision/Retention Claims as to Uber:**

Plaintiff's Amended negligent hiring/supervision/retention claim does NOT at all address *ANY* of the deficiencies noted in this Court's August 26, 2022 Ruling.  Rather, as previously plead in her initial complaint, plaintiff once again just asserts generalized allegations with respect to Uber's alleged vetting practices for independent driver's accessing its rideshare app.  Plaintiff also asserts allegations that deal with cases/matters that are wholly unrelated to the instant lawsuit.   A sample of these allegations include:

Amended Complaint, Statement of Facts:

- Uber has made claims that safety is a #1 priority, however investigations into its safety measures have shown that the company routinely fails to have safety systems in place to adequately monitor trips and to trace trips.  Amended Complaint, para. 49.

- Uber has actively resisted legislation and other measures requiring strong background checks for its drivers out of public view. Id., para. 50.

278033200v.1

- In Colorado, Uber persuaded lawmakers to abolish FBI background checks and fingerprint checks.  Id. Para. 51.

- In Illinois, Uber lobbied Governor Pat Quinn to veto a bill that would have required Uber to engage in stronger background checks.  Id., para. 52

- Lawsuits against Uber have included claims regarding alleged deficiencies in its background checks, including claims Uber does not require fingerprint checks.  Id., para. 55

- "There appears to be nothing in Uber's office systems that allow the tracking of GPS systems, monitoring of the movement of vehicles, or otherwise providing any over-sight to vehicles transporting customers."  Id. Para. 58

In Count Five of her Amended Complaint, plaintiff only asserts conclusory allegations in support of her re-pleaded negligent hiring/supervision/retention claim.  Plaintiff merely alleges, "Uber hired Javier Cabrera, who was, or became unfit or incompetent to perform the work for which he was hired."  Amended Complaint, Count Five, para. 67.  Plaintiff also alleges "Uber knew or should have known that Defendant Javier Cabrera was unfit or incompetent and that this unfitness or incompetence created a particular risk to others such as Plaintiff."  Id., para. 68.

### Count Six:  Repleaded Breach of Implied Contract Claims:

Plaintiff alleges Uber portrays itself as a safe mode of transportation for women, and in so doing created an implied contract "of safe, secure transportation of Plaintiff."  Amended Complaint, Count Six, paras. 66-68. Plaintiff once again fails to assert any factual allegations that Uber intended Ms. Karlen to be a third-party beneficiary of the alleged implied contract between Uber and the person who requested the subject ride through the Uber app.

## II.    LAW AND ARGUMENT

### 1.    Rule 12(b)(6) Standard

In order to withstand a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), citing *Twombly*, 550 U.S. at 570. "Naked assertions devoid of further factual enhancement" do not constitute adequate pleading. *Iqbal,* 556 U.S. at 678, quoting *Twombly,* 550 U.S. at 557 (internal quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a claim if a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(internal quotations and citations omitted). "When determining whether the dismissal of a claim is warranted, the court accepts all allegations contained in plaintiff's complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982), cert. denied sub nom., 459 U.S. 1105, 103 S.Ct. 729 (1983).

However, conclusory allegations and unwarranted deductions of fact will not prevail against a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Conclusions contained in the complaint that are insufficiently supported by facts as pled are not entitled to a presumption of truth, and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a cause of action. *Ashcroft v.*

*Iqbal,* 556 U.S. 662, 678-679 (2009). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Thus, to "raise a right to relief, the complaint must contain either direct allegations or permit properly drawn interferences to support every material point necessary to sustain a recovery." *Bell Atlantic Corp. v. Twombly,* 550 US 544, 556 (2007). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Id.*

**2.** **Plaintiff's Amended Complaint Fails to Comport with This Court's August 26, 2022 Ruling.**

As in her original complaint, Plaintiff fails to set forth any factual allegations that would support a viable negligent hiring/supervision/retention claim against Uber in this lawsuit. Plaintiff fails to address any of the deficiencies noted in this Court's August 26, 2022 Ruling. Plaintiff fails, once again, to assert any factual allegations, specific to independent driver Cabrera, that he "had a propensity to commit the tortious conduct at issue." August 26, 2022 Ruling, page 10.

Rather, Plaintiff's Amended Complaint is replete with generalized allegations that Uber's background check practices are in some manner deficient, and that other lawsuits have been filed against Uber asserting similar claims. *See* Amended Complaint, paras. 49-65. This Court has already held such generalized claims do not support a viable negligent hiring/supervision/retention claim with respect to Mr. Cabrera:

> "Ms. Karlen argues that Uber was negligent in hiring and supervising Mr. Cabrera because Uber does not use fingerprint-based vetting for drivers and Uber does not conduct background checks that would identify potential mental health issues… Defendant argues that Uber was not negligent in hiring and supervising Mr. Cabrera because there was no facts in the Complaint that show Uber knew or should have known that Mr. Cabrera had the propensity to commit the misconduct at issue… The Court agrees… Plaintiff alleges only that Uber 'hired [Mr. Cabrera], who was, or became unfit to perform his duties' as an Uber driver… Plaintiff does not, however,

include any facts in her Complaint alleging Mr. Cabrera had a propensity to commit the tortious conduct at issue."

August 26, 2022 Ruling, pages 9-10.

This Court advised the plaintiff in its Ruling that should the plaintiff decide to replead her negligent hiring/supervision/retention claim, plaintiff would need to address the deficiencies with her claim as noted in the Ruling.  August 26, 2022 Ruling, page 14.  Plaintiff has clearly failed to do so in her Amended Complaint, once again merely asserting conclusory statements Uber knew or should have known Cabrera was unfit or incompetent.[2]  Amended Complaint, Count Five, paras. 67-68. Plaintiff has failed to replead her negligent hiring/supervision/retention claim in compliance with this Court's August 26, 2022 Ruling, and plaintiff's claim should now be dismissed with prejudice for failure to state a claim.

### 3. Plaintiff Fails to State a Recognizable/Viable Negligent Hiring/Supervision/Retention Claim.

"A claim for negligent hiring, retention, supervision and training is based on the employer's direct negligence." *Saldana v. Port Chester*, 2010 U.S. Dist. LEXIS 142099, citing to *Sheila C. v. Povich*, 11 A.D.3d 120, 781 N.Y.S.2d 342, 350 (App. Div. 2004).   Claims for negligent hiring and retention arise from an employer "having placed the employee in a position to cause foreseeable harm, harm which the injured party most probably would have been spared had the employer taken reasonable care in making its decision concerning the hiring and retention of the employee." *Id*. (citations omitted). "Thus, an essential element of a cause of action in negligent hiring, retention, supervision, and training "is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury." *Id*. at *Saldana*, citing to *Doe*

---

[2] Prior to filing her Amended Complaint, Uber produced to plaintiff voluminous documents regarding the background checks on Cabrera and his driving history.  Notably, Plaintiff's Amended Complaint does not reference any of these documents.

*v. Rohan*, 17 A.D.3d 509, 793 N.Y.S.2d 170, 173 (App. Div. 2005). The court in *Sheila*, dismissed Plaintiff's negligent hiring and retention claim where the complaint was "devoid of any allegations concerning this essential element" of employer's knowledge of its employee's propensity.

As noted by the Court in its August 26, 2022 Ruling, "[a]n employer does not have a duty to protect a plaintiff from an employee's tortious acts, whether due to allegedly negligent hiring or supervision, 'unless the [employer] knew or reasonably should have known of the employee's propensity to engage in that type of tortious conduct.'" August 26, 2022 Ruling, page 9, citing to *Michalsky v. Moffly Pubs., Inc.*, No. FSTCV196042420S, 2020 WL 5537003, at *5 (Conn.Super.Ct. Aug. 13, 2020). Citing also to *Petruzello v. Negron*, No. NNHCV216113803S, 2022 WL 1049200, at *6 (Conn.Super.Ct. Mar. 4, 2022), "[i]t is fatal to a … negligent supervision [claim] if the complaint contains no allegations concerning the propensity of the employee to engage in the type of conduct which caused injury." Ruling, page 10.

Here, Plaintiff's Amended Complaint, like her original complaint, likewise contains no allegations that Mr. Cabrera had a propensity to commit any of the tortious conduct being alleged in this matter. Plaintiff has once again failed to state a claim for negligent hiring/supervision/retention. Plaintiff has failed to do so despite being allowed to replead this claim after this Court's ruling that such claim was dismissed without prejudice. For the sake of judicial efficiency, plaintiff's amended claim should now be dismissed *with prejudice*. It is apparent "even if given the opportunity to amend the complaint further, Ms. Karlen will not be able to allege facts showing she has a viable" negligent hiring/supervision/retention claim. Ruling, page 13.

**4. Plaintiff May Not Replead Her Already Dismissed Breach of Implied Contract Claims, as Such Claims Have Been Dismissed by this Court With Prejudice.**

Plaintiff attempts to replead her breach of implied contract claims against Uber in Count Six of her Amended Complaint. Plaintiff once again does not assert that she was a contracting party, had rights under a contract, or even contacted Uber to arrange a ride. Plaintiff claims another party arranged for the subject ride, but there is no nexus between the other party's alleged implied contract with Uber other than the Plaintiff's status as a passenger. Plaintiff's vicarious negligence claims have already been dismissed with prejudice, and plaintiff is now attempting to circumvent this Court's ruling by recasting her claim as a quasi-contractual claim of implied contract. Such claim is even more removed as the plaintiff had no contact with Uber to form an implied contract, and the Court has held there is no flow-through vicarious liability from the codefendant driver to Uber.

Furthermore, plaintiff's reassertion of these claims is in direct contravention of this Court's express ruling that such claims have been dismissed *with prejudice*. This Court has held the plaintiff does NOT have leave to reassert these claims in an amended pleading: "there is no basis for the Court to conclude an implied contract exists between Uber and Ms. Karlen because Ms. Karlen cannot plausibly allege Uber intended Ms. Karlen, who was unknown to Uber at the time the trip occurred, to be a third-party beneficiary." August 26, 2022 order, page 14. Plaintiff's repleaded breach of implied contract claims, as asserted in Count Six of her Amended Complaint, should once more be dismissed with prejudice.

WHEREFORE, this Honorable Court should dismiss, with prejudice, Plaintiff's

Negligent Hiring/Supervision/Retention claims asserted against Uber Technologies, Inc. in

Count Five of her Amended Complaint and her Breach of Implied Contract claims asserted in

Count Six of her Amended Complaint.

Dated:  December 8, 2022

Respectfully submitted,

UBER TECHNOLOGIES, INC.,
By its attorneys,

_____/s/ Eric W.F. Niederer_____

Eric W.F. Niederer, ct25773
WILSON  ELSER  MOSKWITZ  EDELMAN  &
DICKER LLP
1010 Washington Blvd
Stamford, Connecticut 06901
Telephone:  (203) 388-9100
Email:  Eric.Niederer@wilsonelser.com
File No.:  15422.01077

## CERTIFICATE OF SERVICE

I, Eric W.F. Niederer, hereby certify that on the 8th day of December, 2022, I electronically filed the foregoing document with the Clerk of the Court using the EM/ECF electronic filing system, and also served it via electronic mail on the following counsel of record:

Josephine Smalls Miller, Esq.
130 Deer Hill Avenue, Unit 13
Danbury, Connecticut 06180
Jsmillerlaw@gmail.com
*Attorney for Plaintiff*


                           */s/ Eric W.F. Niederer*
                             Eric W.F. Niederer, Esq.