**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| | ) | |
| CARLA R. KARLEN, | ) | |
|  Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21-cv-00835-VAB |
| | ) | |
| UBER TECHNOLOGIES, INC. and | ) | |
| JAVIER, JOHN DOE 1-3, | ) | |
|  Defendants | ) | MARCH 2, 2023 |
| | ) | |

**<u>UBER TECHNOLOGIES, INC.'S REPLY TO THE PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS COUNTS FIVE AND SIX OF THE PLAINTIFF'S AMENDED
COMPLAINT</u>**

Uber Technologies, Inc. ("Uber") hereby replies to the Plaintiff's February 22, 2023

Opposition (Entry No. 44) to Uber's December 8, 2022 Motion to Dismiss Counts Five and Six

of the Plaintiff's Amended Complaint.  With respect to Count Five, the Plaintiff's repleaded

Negligent Hiring, Supervision and Retention claim, Plaintiff once again fails to follow this

Court's August 26, 2022 ruling (No. 27), as amended on August 27, 2022 (No. 28), holding the

Plaintiff must assert allegations specific to the codefendant independent driver in question,

Xavier Cabrera, in order to plead a viable claim.  With respect to Count Six, Plaintiff repleads

her breach of implied contract claim in the face of this Court's ruling dismissing this claim with

prejudice.  Plaintiff argues she is now presenting an entirely new breach of implied contract

claim under a common-carrier theory.  This Court's August 26, 2022/August 27, 2022 ruling

explicitly dismissed Plaintiff's breach of implied contract claim with prejudice.  Furthermore,

this Court's ruling does not permit the Plaintiff to plead new, additional claims.  The ruling only

permits the Plaintiff to replead her negligent hiring/supervision claim.   Additionally, this Court

has already held Plaintiff's common-carrier arguments are only relevant to determining whether

Uber should be subject to a heightened standard of care.  See footnote 4 of August 27, 2022 Amended Order (No. 28).

I.      **Negligent Hiring/Supervision/Retention**:

Plaintiff once again argues in her opposition that her generalized allegations of inadequate and insufficient training and background check practices on the part of Uber are sufficient to assert a viable negligent hiring and supervision claim.  Plaintiff's opposition ignores and does not conform to this Court's prior ruling that a viable negligent hiring/supervision requires allegations specific to the employee in question.[1]

This Court has expressly held in its August 26, 2022/August 27, 2022 ruling that the Plaintiff failed to "include any facts in her Complaint alleging that ***Mr. Cabrera*** had a propensity to commit the tortious conduct at issue… Therefore, the Court cannot find that Plaintiff's claims 'raise a right to relief above the speculative level'… Absent allegations that the conduct was foreseeable to Uber, Plaintiff 'ha[s] not nudged [her] claims across the line from conceivable to plausible.'"  (Emphasis added).  In so ruling, this Court recognized the decision in *Petruzello v. Negron*, No. NNHCV216113803S, 2022 WL 1049200, at *6 (Conn.Super.Ct. Mar. 4, 2022), holding "[i]t is fatal to a … negligent supervision [claim] if the complaint contains no allegations concerning the propensity of the employee to engage in the type of conduct which caused injury."  August 26, 2022 Order page 10.

Plaintiff's opposition fails to address this fatal deficiency in Plaintiff's amended negligent hiring/supervision/retention claim.  Plaintiff has failed to replead a viable negligent

---

[1] Uber expressly denies Mr. Cabrera was an employee of Uber and does not concede in any way Mr. Cabrera was an employee by responding to Plaintiff's negligent hiring claim. Mr. Cabrera was an independent driver utilizing Uber's ride-share app.

hiring/supervision/retention claim in her Amended Complaint, and this claim should now be dismissed with prejudice.

## II.    Breach of Implied Contract:

This Court's August 26, 2022 and Amended August 27, 2022 ruling expressly dismissed Plaintiff's breach of implied contract claim *with prejudice*.  Plaintiff argues in her opposition that she should nonetheless be permitted to replead her breach of implied contract claim as she is no longer asserting a breach of implied contract claim under a third-party beneficiary theory, but is instead asserting an entirely new breach of implied contract claim under a common-carrier theory.

Plaintiff should not be permitted to replead her breach implied contract claim and/or allege a new breach of implied contract claim in order to defeat the Defendant's Motion to Dismiss and make an "end-run" around this Court's prior ruling.  This Court explicitly held Plaintiff's breach of implied contract claim was dismissed *with prejudice*.  Furthermore, this Court's August 26, 2022 and Amended August 27, 2002 ruling/order *only* permits the Plaintiff to replead her negligent hiring/supervision/retention claim.  The order does not allow the Plaintiff to file new claims in addition to those that were dismissed.

Plaintiff states in her opposition that the amended breach of implied contract claim is an "entirely new pleading of 'common carrier', and that such claim is "an explicit claim that was not previously alleged."  Opposition (No. 44) page 12.  Any such new claim is untimely and barred.  According to the Court's prior orders in this matter, amended pleadings were due August 17, 2021 (No. 2), as further supplemented by the Court's August 26, 2022 (No. 27)/August 27 (No. 28) and November 16, 2022 (No. 38) orders allowing the Plaintiff until November 28, 2022 to replead her negligent hiring/supervision/retention claim *only*.  Plaintiff has not moved the

280621960v.1

Court for leave to amend her complaint to assert a new breach of implied contract claim under an "entirely" new theory of liability.  See Fed. R. Civ. P. 15(1)(1) stating, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Allowing the Plaintiff to assert an entirely new claim now would be greatly prejudicial to the Defendant as the current deadlines set by the Court direct all fact and expert discovery and depositions be concluded by January 29, 2023 and dispositive motions filed by March 28, 2023 (No. 23), allowing the Defendant practically no time to conduct discovery and otherwise address this new claim.

Furthermore, this Court has already ruled on Plaintiff's common-carrier argument.  Plaintiff in her October 29, 2021 Amended Opposition (No. 17) to Uber's initial September 28, 2021 Motion to Dismiss (No. 9) made similar common-carrier arguments in order to defeat Uber's motion to dismiss her breach of implied contract claim.  In response to these arguments, the Court held in a footnote, "[t]he Court declines to address Ms. Karlen's argument that Uber is a common carrier, *which is relevant only to determining whether Uber should be subject to a heightened standard of care*."  August 26, 2022 Amended Order (Entry No. 28), footnote 4 (emphasis added).   As such, Plaintiff may not seek to now present this argument as the basis of, in the Plaintiff's own words, an "an explicit claim that was not previously alleged."

WHEREFORE, for those reasons set forth above, and those set forth in its Motion to Dismiss Counts Five and Six of the Amended Complaint (No. 40), the Defendant Uber Technologies, Inc., respectfully requests the Court grant its Motion to Dismiss and dismiss the Plaintiff's negligent hiring/supervision/retention claims and breach of implied contract claims with prejudice.

Dated:  March 2, 2023

Respectfully submitted,

UBER TECHNOLOGIES, INC.,
By its attorneys,

/s/ Eric W.F. Niederer

Eric W.F. Niederer, ct25773
WILSON  ELSER  MOSKWITZ  EDELMAN  &
DICKER LLP
1010 Washington Blvd
Stamford, Connecticut 06901
Telephone:  (203) 388-9100
Email:  Eric.Niederer@wilsonelser.com
File No.:  15422.01077

280621960v.1

## CERTIFICATE OF SERVICE

I, Eric W.F. Niederer, hereby certify that on the 2nd day of March, 2023, I electronically filed the foregoing document with the Clerk of the Court using the EM/ECF electronic filing system, and also served it via electronic mail on the following counsel of record:

Josephine Smalls Miller, Esq.
130 Deer Hill Avenue, Unit 13
Danbury, Connecticut 06180
Jsmillerlaw@gmail.com
*Attorney for Plaintiff*

 */s/ Eric W.F. Niederer*
Eric W.F. Niederer, Esq.

280621960v.1